UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKLIN ELMORE,  )  | | |
|     Plaintiffs,  ) | | |
| ) | | |
| v.  ) | | 12-CV-3004 |
| ) | | |
| JAMES MORTON, et al.,  ) | | |
|     Defendants.  ) | | |
| ) | | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claims arising from an assault by another resident and subsequent events.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a

1

federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In September, 2011, resident Robert Smith allegedly called Plaintiff a racial slur and threatened to cause serious bodily harm to Plaintiff. Plaintiff informed the guard on duty, Defendant Morton, but Morton told Plaintiff he would have to deal with the situation on his own and that Morton would "not go against his own kind." (Complaint, p. 6). Plaintiff appealed to another guard who was present, Defendant Anderson, to no avail. When Plaintiff returned to his unit, resident Smith allegedly brutally beat Plaintiff for ten to fifteen minutes while Defendants Morton and Anderson watched.

After this incident, Plaintiff was put in segregation and charged with fighting, at the direction of Defendants Durant and Parker. He was not allowed out of his cell while in segregation and had only a bed, bed sheets, a toilet, sink, and desk in segregation, with no personal hygiene items. He was not allowed to take a shower while in segregation.

Plaintiff asked that witnesses be called and video footage of the incident be viewed at his disciplinary hearing, but the Behavioral Committee (Defendants Caraway, Haage, and Wilczynski) denied these requests, instead relying solely on the guards' incident reports. Plaintiff was found guilty and punished with 15 days of "close management status" and a change in grade level. Plaintiff filed a grievance about these events, which Defendant Simpson allegedly failed to

3

properly investigate and answer.

## ANALYSIS

Plaintiff states a failure-to-protect claim against Defendants Morton and Anderson. His allegations allow a plausible inference that Morton and Anderson were personally aware of a substantial risk of serious harm to Plaintiff from resident Smith, but failed to take any action and watched passively as the attack occurred. *See* Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005)(applying Eighth Amendment standard to failure-to-protect claim by person detained under Sexually Violent Act). A plausible equal protection claim also arises from Plaintiff's allegations that Morton and Anderson's failure to act was racially motivated.

As to Plaintiff's placement in segregation pending his disciplinary hearing, not enough facts are alleged to determine whether his inability to take a shower or have personal hygiene items amounted to a serious deprivation. Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008)(committed person is entitled to "'humane conditions'" and the provision of "'adequate food, clothing, shelter, and medical care'"). Specifically, Plaintiff does not say how long he had to go without these necessities. Accordingly, this claim will be dismissed without prejudice to repleading.

Plaintiff states no procedural due process claim based on the punishment he

received. Demotion to "close status" is not a constitutionally significant deprivation. Miller v. Dobier, 634 F.3d 412, 414 (7th Cir. 2011)(punishment of "close status" for 30 days was not a deprivation of a constitutionally protected liberty interest). Accordingly, Plaintiff was not entitled to any procedural due process protections before receiving the demotion.

Lastly, Plaintiff states no constitutional claim against Defendant Simpson for allegedly mishandling his grievance. There is no federal constitutional right to a grievance procedure. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Accordingly, there is no constitutional claim for an ineffective grievance procedure.

IT IS THEREFORE ORDERED:

1) The hearing scheduled for February 13, 2012, is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2) Pursuant to its review of the Complaint, the Court finds that Plaintiff states federal constitutional claims against Defendants Morton and Anderson for failure to protect and for an equal protection violation, based on their alleged failure to protect Plaintiff from resident Smith's assault. Plaintiff also makes out a state law assault claim against Defendant Smith.

3) Plaintiff's claim regarding his disciplinary hearing and punishment and his claim about the failure to investigate and properly respond to his grievance are dismissed, with prejudice, for failure to state a claim.

4) Plaintiff's claim about the lack of a shower and hygiene necessities while in segregation is dismissed for failure to state a claim without prejudice to refiling with information about the length of these deprivations and whether Plaintiff was allowed toilet paper, soap, toothpaste, and a toothbrush.

5) Defendants Durant, Parker, Simpson, Wilczynski, Caraway, and Haage are dismissed for failure to state a claim against them because they are implicated only in the claims being dismissed.

6) Plaintiff's petition to proceed in forma pauperis (d/e 2) is granted. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

7) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

8) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the

full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

11)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

12) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the

Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

13) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 30, 2012 (or as soon as the Court can reach the case) at 11:00 a.m. before U. S. District Judge Sue E. Myerscough, by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

14) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

15) Plaintiff shall immediately notify the court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

16) The Clerk is directed to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing

Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: February 8, 2012

FOR THE COURT:

__s/Sue E. Myerscough__
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
